IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMES A. SCHOTT,

        Defendant

Case No. 07–CR–40032–DRH-3

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On March 7, 2008, the Court sentenced James A. Schott to 70 months imprisonment with four years of supervised release upon release (Doc. 216) and the Clerk of the Court entered judgment reflecting the same (Doc. 220). On January 21, 2015, Schott was revoked while on supervised release and sentenced to 24 months imprisonment to run concurrently with the remainder of the sentence in the custody of the Illinois Department of Corrections.

On September 11, 2015, Defendant Schott filed a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines (Doc. 502). On September 16, 2015, in accordance with this District's Administrative Order No.167, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Schott (Doc. 505). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 506). *See Anders v. California*,

386 U.S. 738, 744 (1967). Thereafter, the Court allowed Schott an opportunity to respond to the motion to withdraw (Doc. 507). As of this date, Schott has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Schott is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). Here, Schott is serving a sentence for a supervised release revocation, thus making him ineligible for a sentence reduction pursuant to § 3582(c). See U.S.S.G. § 1B1.10(a)(2) & App. n.7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This

section does not authorize a reduction in the term of imprisonment upon revocation of supervised release.")Therefore, Schott's sentence cannot be further reduced by application of Amendment 782.

Consequently, Schott's guideline range also has not been lowered, and he fails to satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 506) and **DENIES** Schott's *pro se* motion for a sentence reduction (Doc. 502).

**IT IS SO ORDERED.**

Signed this 16th day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.16 10:56:32 -06'00'

**United States District Judge**